UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JERRY DUNLAP,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMES COX, et al,<br><br>　　　　　Defendant. | Case No. 3:12-cv-00387-MMD-VPC<br><br>ORDER |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a Nevada state prisoner. In the complaint, plaintiff alleges that prison regulations forbidding inmates who test positive for HIV from working in the prison canteen, culinary, food services, infirmary, and allied health services area are also being applied to him because he has tested positive for Hepatitis C. (Dkt. no. 7.) By order filed May 6, 2013, this Court entered an order allowing the complaint to proceed on plaintiff's Americans with Disabilities Act (ADA) claim and equal protection claim. (Dkt. no. 6.)

Plaintiff has filed a motion for preliminary injunctive relief. (Dkt. no. 3.) Plaintiff seeks an order from this Court transferring him to a minimum custody facility, or in the alternative, an order directing the Nevada Department of Corrections to give him the same statutory good time credits given to minimum custody inmates. (*Id.*)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to

succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*quoting Winter*, 555 U.S. at 20). The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success. *See Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987).

In the instant case, plaintiff seeks a preliminary injunctive order transferring him to a minimum custody facility. First, prisoners have no right to be transferred to a specific prison or to avoid being transferred to another prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curium); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curium). In the alternative, plaintiff seeks an order directing the Nevada Department of Corrections to give him the same statutory good time credits given to minimum custody inmates. Prisoners have no absolute right to eligibility for earning good time credits. *See Moody v. Daggett*, 429 U.S. 78, 88, n.9 (1976); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007); *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998).

Importantly, plaintiff has not established that he is likely to succeed on the merits of his ADA and equal protection claims. Although plaintiff has stated the minimum facts necessary to allow his claims to proceed at the initial screening stage of litigation, it cannot be said that plaintiff is likely to succeed on the merits of this action. Plaintiff has failed to demonstrate that he will face irreparable harm if the Court does not intervene by transferring him to another prison or directing the Department of Corrections to grant him good time credits. The Court does not believe that plaintiff's motion warrants interference with the Department of Corrections' internal processes, thus the balance of equities does not favor issuance of a preliminary injunction. As such, plaintiff's motion for a preliminary injunction is denied.

1  IT IS THEREFORE ORDERED that petitioner's motion for a preliminary
2 injunction (dkt. no. 3) is DENIED.

3  DATED THIS 16th day of July 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE